**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARRY WRIGHT,<br><br>Appellant,<br><br>v.<br><br>MARY K. WRIGHT *et al.*,<br><br>Appellees. | Civil Action No. 26-5274 (SDW)<br><br>**WHEREAS OPINION**<br><br>July 31, 2026 |

**THIS MATTER** having come before this Court upon *pro se* Appellant Garry Wright's ("Appellant") appeal of the Bankruptcy Court's April 28, 2026 Order (D.E. 29) in *Wolff v. Wright*, Adv. Pro. No. 25-02464 (JKS), pursuant to 28 U.S.C. § 158; and

**WHEREAS** district courts have appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a). To establish standing to appeal in a bankruptcy case, an appellant must be directly aggrieved by an order of the bankruptcy court. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004) (quoting *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995)). District courts are instructed to review the bankruptcy court's findings of fact for clear error and exercise plenary review of its legal conclusions. *In re Zinchiak*, 406 F.3d 214, 222 (3d Cir. 2005) (quoting *In re Pillowtex, Inc.*, 349 F.3d 711, 716 (3d Cir. 2003)).

**WHEREAS** courts liberally construe *pro se* litigants' pleadings and filings, such leniency does not relieve them of the obligation to comply with applicable procedural requirements. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.").

**WHEREAS** here, Appellant's appeal is improper because the primary relief he seeks is affirmance of the Bankruptcy Court's April 28, 2026 as to its effect on Claim 6-1. (D.E. 29 at 8, 20–21.) Appellant expressly states that "The primary relief requested is construction, not reversal of the settlement." (*Id.* at 20.) Although Appellant is *pro se*, this Court cannot entertain an appeal that identifies no disputed questions of fact or law for appellate review. Accordingly, the appeal is improper and must be dismissed. This case shall be closed, and this Opinion renders moot any remaining briefing in this matter. The Trustee's requests for a case conference (D.E. 24, 27) are also denied as moot.

**IT IS,** on this 31st day of July 2026,

**ORDERED** that Plaintiff's appeal is **DENIED** as improper; and

**ORDERED** that any remaining briefing is moot; and it is further

**ORDERED** that the Trustee's requests for a case conference are **DENIED** as moot.

**SO ORDERED**.

__/s/ Susan D. Wigenton____
**United States District Judge**

Orig: Clerk
cc: Parties